**James Alan Bush**
**1745 De Marietta Avenue #3**
**San Jose, CA 95126**
**408-982-3272**

**Plaintiff in pro se**

ADR

Filed
MAR - 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| James Alan Bush,<br>Plaintiff<br>v.<br>Cloudmark, Kim Moss, Tom Doe 1, Mike Smith, Jamie de Guerre, and Does 2 to 5, inclusive,<br>Defendants. | CASE NO. C08 01272 PVT<br>COMPLAINT<br>HARASSMENT, AND CONSTRUCTIVE DISCHARGE RESULTING FROM HARASSMENT (FEHA), CONSPIRACY TO DEPRIVE PLAINTIFF OF CIVIL RIGHTS, NEGLECT TO PREVENT CONSPIRACY TO DEPRIVE PLAINTIFF OF CIVIL RIGHTS<br>Judge Jeremy Fogel |

**PRELIMINARY STATEMENT**

Plaintiff brings this Federal and California equal employment opportunity suit pursuant to Title 42 U.S.C. § 12112 (Americans with Disabilities Act of 1990) and Gov. Code §§ 12926, 12940(a) (California Fair Employment and Housing Act), which prohibit employment discrimination based on the following protected characteristics:

- Physical and mental disability [*see* Gov. Code § 12940(a)-(d), (j); Green v. State (2007) 42 Cal. 4th 254, 260-264, 64 Cal. Rptr. 3d 390, 165 P.3d 118); 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 12112(a), (b)(5); *see* 42 U.S.C. § 12111(8)]; and,
- Sexual orientation [Gov. Code § 12926(m), (q)].

**RELEVANT STATUTORY SCHEME**

Under FEHA, "physical disability" includes, but is not limited to, being regarded or treated as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect but may become a physical disability, such as a physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss [Gov. Code § 12926(k)] that does both of the following: (1) affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine; and (2) limits a major life activity [*see* Gelfo v. Lockheed Martin Corp. (2006) 140 Cal. App. 4th 34, 52-53, 43 Cal. Rptr. 3d 874 (employer's belief need not be mistaken for employee to qualify as disabled under "regarded or treated as" prong of definition of disability)].

Under FEHA, "mental disability" includes, but is not limited to, the following [Gov. Code § 12926(i)]:

- Having any mental or psychological disorder or condition, such as mental retardation, organic brain syndrome,

emotional or mental illness, or specific learning disabilities, that limits a major life activity;

- Having a record or history of a mental or psychological disorder or condition described above, which is known to the employer; and,
- Being regarded or treated by the employer as having or having had, a mental or psychological disorder or condition that has no present disabling effect, but that may become a mental disability described in the first bulleted item, *above*, [*see* Gelfo v. Lockheed Martin Corp. (2006) 140 Cal. App. 4th 34, 52-53, 43 Cal. Rptr. 3d 874 (employer's belief need not be mistaken for employee to qualify as disabled under "regarded or treated as" prong of definition of disability)].

FEHA provides that all of the following are unlawful employment practices:

- For an employer to bar or discharge any person from employment, or from a training program leading to employment, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation [Gov. Code § 12970(a)];
- For an employer to discriminate against any person in compensation or in terms, conditions, or privileges or employment, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation [Gov.

Code § 12940(a)];

- For an employer to print or circulate, or cause to be printed or circulated, any publication, or to make any non-job-related inquiry of an employee, either verbal or through use of an application form, that expresses, directly or indirectly, any limitation, specification, or discrimination as to race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation, or any intent to make any such limitation, specification, or discrimination [Gov. Code § 12940(d)];
- For a person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under FEHA, or to attempt to do so [Gov. Code § 12940(i)];
- For an employer or any other person to harass an employee or a person providing services pursuant to a contract because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, sexual orientation, or age [Gov. Code § 12970(j)];
- For an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring [Gov. Code § 12940(k)];
- For an employer covered by FEHA to fail to make reasonable accommodation for the known physical or mental disability of an employee [Gov. Code § 1290(m)];

Under federal law:

- The Americans With Disabilities Act (ADA) provides that no employer may discriminate against a qualified individual with a disability in the discharge of employees, or other terms, conditions, and privileges of employment, because of the individual's disability [Title 42 U.S.C. § 12112(a)]; whereas, "disability" means the following [Title 42 U.S.C. § 12102]:
  - A physical or mental impairment that substantially limits one or more of the major life activities of an individual;
  - A record of such an impairment; and,
  - Being regarded as having such an impairment.
- The ADA prohibits employers from discriminating on the basis of a disability against a qualified individual in regard to such factors as layoff, job assignment, and fringe benefits [29 C.F.R. § 1630.4];
- It is unlawful to discriminate with respect to fringe benefits, [Gov. Code § 12940(a) (FEHA); 2 Cal. Code Reg. §§ 7294.2(a) (conditioning employment decisions regarding disabled employee on waiver of any fringe benefit prohibited)];
- The Equal Employment Opportunity Commission (EEOC) guidelines define "fringe benefits" as medical, hospital, accident, and life insurance; retirement benefits; profit sharing and bonus plans; leaves of absence; and similar benefits [*see* 29 C.F.R. § 1604.9(a)], and are likewise "terms, conditions, or privileges or employment" [*see* 2 Cal. Code Reg. § 7287.6 (FEHC regulation)];
- The Civil Rights Act (CRA) of 1991 clarifies that Title 42 U.S.C.

§ 1981 applies to all phases and incidents of a contractual employment relationship, and applies to conduct, such as harassment; moreover, claims brought under the CRA are subject to the four-year federal "catchall" statute of limitations [Jones v. R.R. Donnelley & Sons Co. (2004) 541 U.S. 369, 124 S. Ct. 1836, 1841-1846, 158 L. Ed. 2d 645, 652-658 (hostile work environment, wrongful termination, and failure-to-transfer claims)].

- FEHA and the ADA both prohibit discharges and layoffs based on membership in a protected classification [*see* 42 U.S.C. § 12112(a) (ADA); Gov. Code § 12940(a) (FEHA); *see also* 29 C.F.R. § 1630.4(b) (EEOC regulations under ADA)];
- Under California law, a constructive discharge can occur without discrimination [*see* Turner v. Anheuser-Busch, Inc. (1994) 7 Cal. 4th 1238, 32 Cal. Rptr. 2d 223, 876 P.2d 1022];

**VENUE**

Venue is appropriate in this court because both of the defendants reside in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

**JURISDICTION**

The Court has jurisdiction of this action under Title 28 U.S.C. §§ 1331, 1343, 1344, which authorizes original jurisdiction on the district court of all civil rights cases arising under the Constitution, laws or treaties of the United States. Plaintiff further

invokes the supplemental jurisdiction of this Court to hear and decide claims arising under California state law.

**PARTIES**

- Plaintiff, James Alan Bush, during his employment, and at all times herein, is and was covered by FEHA as:
  - a California employee within the definition of Gov. Code § 12970(a); 2 Cal. Code Reg. §§ 7286.5(b); and,
  - an independent contractor within the definition of 2 Cal. Code Reg. § 7286.5(b)(1) and Lab. Code § 3353].

  Accordingly, Plaintiff is afforded protection against harassment pursuant to Gov. Code § 12970(j)(4), (5).
- Defendant, Cloudmark, is and was covered by FEHA as a private employer under:
  - California law, within the definition of Gov. Code § 12925(d); and,
  - Federal law, within the meaning of Title 42 U.S.C. § 1981(c); Patterson v. McLean Credit Union (1989) 491 U.S. 164, 175, 109 S. Ct. 2363, 105 L. Ed. 2d 132; Runyon v. McCrary (1976) 427 U.S. 160, 172, 96 S. Ct. 2586, 49 L. Ed. 2d 415; Johnson v. Railway Express Agency (1975) 421 U.S. 454, 459-460, 95 S. Ct. 1716, 44 L. Ed. 2d 295].

  Accordingly, Defendant, Cloudmark, is subject to the provisions of FEHA pursuant to Gov. Code § 12926(d), 12940(a)-(f), (j), (m), (n)].
- Defendants, Mike Smith, Kim Moss, Jamie de Guerre, and Tom Doe 1,

were Plaintiff's supervisors within the definition of Gov. Code § 12926(r), and are subject to personal liability for violations of FEHA constituting harassment pursuant to Gov. Code § 12940(j)(3); see § 115.36[2][d]; Matthews v. Superior Court (1995) 34 Cal. App. 4th 598, 599-600, 605-606, 40 Cal. Rptr. 2d 350 (decided before enactment of Gov. Code § 12940(j)(3); supervisor who has aided or abetted harassment may be held personally liable); Page v. Superior Court (1995) 31 Cal. App. 4th 1206, 1213, 37 Cal. Rptr. 2d 529 (same)].

- All other Defendants named herein are being sued pursuant to Title 42 U.S.C. § 1983 as private individuals.

**CLAIM FOR RELIEF**

Plaintiff complains and for causes of action alleges as follows:

**FIRST CAUSE OF ACTION**

(For Violations of ADA and FEHA Against Cloudmark)

1. Plaintiff, James Alan Bush, has the following physical disability and mental disability: HIV/AIDS [*see* Gov. Code § 12926.1(c)]; and, the plaintiff was perceived as a person who has this physical disability [Gov. Code § 12926.1(c)]; the plaintiff also has the following mental disability: clinical depression [*see* Gov. Code § 12926.1(c)].
2. Defendant, Cloudmark, was aware of Plaintiff's medical condition set forth in Paragraph 1, above, because Plaintiff informed defendant of this medical condition in a letter written by

Plaintiff's primary physician, Paul Ford, M.D. (Internal Medicine), on October 7th, 2004, pursuant to Spitzer v. Good Guys (2000) 80 Cal. App. 4th 1376, 1384-1385, 96 Cal. Rptr. 2d 236]; and, Defendant, Cloudmark, was aware of Plaintiff's mental disability set forth in Paragraph 1, above, because Plaintiff informed defendant of this mental disability verbally.

3. Defendant, Cloudmark, its agents and supervisors, Mike Smith, Jamie de Guerre, Chris Cho, Kim Moss, Tom Doe 1, and Helga Veidemann, engaged in the following actions with the intent of harassing Plaintiff on account of his medical condition, which is prohibited by Title 42 U.S.C. § 12112, and, presumably, his sexual orientation, by fabricating an event by which the defendants could accuse the plaintiff of an act that violated company policy.

4. Defendants Smith and Moss and Defendant Cloudmark's employees, Chris Cho and Helga Veidemann, engaged in the following action with the intent of harassing Plaintiff on account of his sexual orientation by:

- discussing his HIV status amongst themselves and other employees.

5. Defendant's supervisor and agent, Mike Smith, Jamie de Guerre, Kim Moss, and Tom Doe 1, knew or should have known of these harassing actions because the plaintiff and other employees informed them of these actions and because one or more of the aforementioned defendants disclosed Plaintiff's disabilities to others. Despite Defendants' actual and constructive knowledge of

the above-described harassment, Defendants failed to take immediate and appropriate corrective action to stop the harassment. Furthermore, before the harassment alleged in Paragraph 3, above, occurred, Defendants failed to take all reasonable steps to prevent such harassment from occurring, as required by Gov. Code § 12940(j), (k).

6. The actions alleged in Paragraphs 2 through 4, above, caused Plaintiff to be constructively discharged from his employment, in that any reasonable person in Plaintiff's position subject to those actions would have resigned or quit his/her employment, as Plaintiff was compelled by those actions to do [DFEH v. Rosenburg (1990) FEHC Dec. No. 90-09, p. 9; DFEH v. Livermore Joe's, Inc. (1990) FEHC Dec. No. 90-07, p. 17; DFEH v. County of Madera (1990) FEHC Dec. No. 90-03, p. 31]. Defendant had actual knowledge of intolerable conditions caused by the acts of harassment alleged above, but failed to take any steps to end those conditions (for the purpose of causing Plaintiff's resignation). Furthermore, defendant knew or should have known that Plaintiff's resignation would result from its actions.

7. The circumstances of Plaintiff's discharge gives rise to an inference of discrimination [Kelly v. Stamps.com, Inc. (2005) 135 Cal. App. 4th 1088, 1098-1099, 38 Cal. Rptr. 3d 240] because Cloudmark's proffered explanation was not believable [Texas Dep't of Community Affairs v. Burdine (1981) 450 U.S. 248, 256, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (Title VII); Merrick v. Farmers Ins. Group (9th Cir. 1900) 892 F.2d 1434, 1437 (ADEA); Mixon v. Fair

Employment & Housing Com. (1987) 192 Cal. App. 3d 1306, 1318-1319, 237 Cal. Rptr. 884 (FEHA)]; and, that Defendant Cloudmark's "legitimate" reasons were a pretext for discrimination [Texas Dep't of Community Affairs v. Burdine (1981) 450 U.S. 248, 253, 256, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (Title VII); McDonnell Douglas Corp. v. Green (1973) 411 U.S. 792, 804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (Title VII); see also Rodriguez v. General Motors Corp. (9th Cir. 1990) 904 F.2d 531, 533 (42 U.S.C. § 1981)].

**SECOND, THIRD, AND FOURTH CAUSES OF ACTIONS**

(For Violations of Title 42 U.S.C. §§ 1985, 1986)

[RESERVED]

**JOINT AND SEVERAL LIABILITY**

As set forth herein, all Defendants are joint tortfeasors engaged in a common plan and scheme, and, thus, all are jointly and severally liable for all damages suffered by Plaintiff herein.

**JURY TRIAL DEMAND**

Plaintiff is entitled to and demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

a. For a declaratory judgment determining that the actions of the

Defendants constituted violations of the laws forming the basis of this complaint.

b. For compensatory damages to each of the Plaintiff, according to proof to be established at trial;

c. For punitive and exemplary damages according to proof to be established at trial, pursuant to the standard set forth under Civ. Code § 3294(b) (FEHA);

d. For reasonable attorney's fees and costs associated with the litigation, according to proof, which are recoverable in civil rights actions under Title 42 U.S.C. § 1988(b); and,

e. For such other and further relief as the Court may deem just and proper.

**VERIFICATION**

I, James Alan Bush, Plaintiff in the above-entitled action, have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief; and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California.

DATED: March 3, 2008 SIGNED: ______________________

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
James Alan Bush

**DEFENDANTS**
Cloudmark

(b) County of Residence of First Listed Plaintiff Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

ADR

County of Residence of First Listed Defendant San Francisco
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
In pro se

Attorneys (If Known)

C 08 01272 PVT

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence

Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
Fair Housing and Employment Act, Section 1983, 1985, 1986

Brief description of cause:
Discrimination & Harassment (resulting in unlawful discharge)

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
**PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".**

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
**(PLACE AND "X" IN ONE BOX ONLY)**
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE
03-04-08

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.