1  DENNIS M. BROWN, Bar No. 126575
   MARYAM S. KARSON, Bar No. 221184
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA  95113.2303
   Telephone:    408.998.4150
5
   Attorneys for Defendants
6  CLOUDMARK, INC.; KIM MOSS; JAMIE DE
   GUERRE; AND MIKE SMITH
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11 JAMES ALAN BUSH,                     Case No.  C08 01272 PVT

12            Plaintiff,                **DEFENDANTS' NOTICE OF MOTION
                                        AND MOTION TO DISMISS PLAINTIFF'S
13      v.                              ACTION, OR IN THE ALTERNATIVE,
                                        FOR SUMMARY JUDGMENT;
14 CLOUDMARK, KIM MOSS, TOM DOE         MEMORANDUM OF POINTS AND
   1, MIKE SMITH, JAMIE DE GUERRE,      AUTHORITIES**
15 AND DOES 2 TO 5, INCLUSIVE,
                                        FRCP Rules (12)( b)(1); 12(b)(6); 12(d); 56
16            Defendants.
                                        **Date:      May 27, 2008
17                                      Time:      10:00 a.m.
                                        Courtroom: 5**
18
19                                      THE HONORABLE PATRICIA V.
                                        TRUMBULL, MAGISTRATE JUDGE
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. C08 01272 PVT )

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

## TABLE OF CONTENTS

PAGE

I.  INTRODUCTION ................................................................2

II.  STATEMENT OF THE RELEVANT FACTS ..............................3

III.  LEGAL ARGUMENT ........................................................3

A.  Relevant Legal Standard ..................................................3

B.  Defendants' Motion For Dismissal Under Rules 12(b)(1) And 12(b)(6) With Respect To The Claims Asserted In Plaintiff's First, Second, Third, and Fourth Causes Of Action Must Be Granted, Since Plaintiff Is Contractually Barred From Asserting Any Claim Against Defendants With Respect To His Employment At Cloudmark................................................................4

C.  Alternatively, Plaintiff's First Cause of Action For Violations Of FEHA And The ADA Must Be Dismissed With Prejudice, Because They Are Time-Barred, And Because Plaintiff Failed To Exhaust His Administrative Remedies ................................................................7

    1.  Plaintiff's Claims Under FEHA Are Time-Barred By The Applicable Statute Of Limitations and Are Subject To Dismissal ...................7

    2.  Plaintiff's FEHA Claims Must Be Dismissed, Since He Failed To Exhaust His Administrative Remedies And Is Now Time-Barred From Doing So ................................................................8

    3.  Plaintiff's Claims Under The ADA Are Time-Barred By The Applicable Statute Of Limitations and Are Subject To Dismissal...................9

    4.  Plaintiff's ADA Claims Must Be Dismissed, Because He Failed To Exhaust His Administrative Remedies And Is Now Time-Barred From Doing So ................................................................10

D.  Alternatively, Plaintiff's Asserted Claims In His First Cause of Action For Violations Of FEHA And The ADA Must Be Dismissed With Prejudice, Because Plaintiff Has Failed To Sufficiently Plead The Essential Elements Of His Claims ................................................................10

    1.  Plaintiff Has Failed to Allege Facts Sufficient to Establish That He Was Discriminated Against Within The Meaning Of FEHA Or That His Working Conditions Were So Intolerable As To Justify His Resignation ................................................................11

        a.  Plaintiff Cannot Establish A Constructive Discharge Claim.............13

    2.  Plaintiff Cannot Establish A Prima Facie Claim In Hostile Environment Harassment Under FEHA ...........................................14

TABLE OF CONTENTS
(CONTINUED)

PAGE

3.    Plaintiff Has Failed to Allege Facts Sufficient to Establish that He Was Discriminated Against Within The Meaning Of The ADA Or That His Working Conditions Were So Intolerable As To Justify His Resignation ...................................................................................................16

E.    Alternatively, Plaintiff's Claims Of Neglect To Prevent Conspiracy To Deprive Him Of Civil Rights Must Be Dismissed For Lack Of Standing ................16

F.    Alternatively, Plaintiff's Claims Under 42 U.S.C. Section 1983 Must Be Dismissed Because Defendants Are Private Parties And Not Affiliated To Any Governmental Entities .................................................................................18

G.    Alternatively, Plaintiff's Second, Third, And Fourth Causes Of Action Based On The Alleged  Violations Of 42 U.S.C. Sections 1985 And 1986 Must Be Dismissed Because Plaintiff Lacks Standing ...............................................19

1.    Plaintiff's Second, Third, And Fourth Causes Of Action Under 42 U.S.C. Sections 1985 And 1986 Must Be Dismissed With Prejudice Because Plaintiff Has Failed To Plead The Essential Elements Of His Prima Facie Case ...........................................................................................19

IV.    CONCLUSION ...............................................................................................................20

# TABLE OF AUTHORITIES

PAGE

## CASES

*Albelleria v. District Court of Appeal*, 17 Cal. 2d 280, 293 (1941) .................8

*Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999) .................17

*B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 ......................10

*Balloon v. Superior Court*, 39 Cal. App. 4th 1116, 1120 (1995.) .................7

*Bartalini v. Blockbuster Entertainment, Inc.*, 81 Fair Empl. Prac. Cas. (BNA) 792 (1999) ..................12

*Bell Atlantic Corp. v. Twombly* 127 S. Ct. 1955, 1965 (2007) ..................4

*Beyda v. City of Los Angeles*, 65 Cal. App. 4th 511, 517 (1998) .................15

*Campbell v. Regents of Univ. of Calif.*, 35 Cal. 4th 311, 321 (2005) .................8

*Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993) .................11

*David v. Local 801, Danbury Fire Fighters Ass'n,* 899 F. Supp. 78, 80 (1995, DC Conn.) ..................19

*Dawson v. Pastrick,* 441 F. Supp. 133, 141 (D. Ind. 1977) ..................17

*Faust v. California Portland Cement Co.* (2007) 150 Cal. App. 4th 864 ..................11

*Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) ..................20

*Fisher v. San Pedro Peninsula Hospital* 214 Cal.App.3d 590, 608 (1989) ..................14, 15

*Flaherty v. Metromail Corp.* 235 F.3d 133, 138 (2nd Cir. 2000.) ..................9

*Foreman v. General Motors Corp.,* 473 F. Supp. 166, 177 (D. Mich. 1979) ..................10, 17, 19

*Fortner v. State of Kansas*, 934 F. Supp. 1252, 1267-68 (1996) ..................13

*Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987) ..................18

*Fuller v. City of Oakland* , 47 F.3d 1522, 1527 (9th Cir. 1995) ..................15

*Garamendi v. Golden Eagle Ins. Co.*, 128 Cal. App. 4th 452, 472 (2005) ..................13

*Gay Veterans Asso. v. American Legion-New York County Organizations*, 621 F. Supp. 1510, 1515-16 (1985) ..................19

*Gibson v. Aro Corp.*, 32 Cal. App. 4th 1628, 1636-37 (1995) ..................13, 14

*Guz v. Bechtel*, 24 Cal. 4th 317, 355 (2000) ..................11

*Harris v. Forklift Sys* ., 510 U.S. 17, 22-23 (1993) ..................15

*Hope v. California Youth Authority*, 134 Cal.App.4th 577, 588 (2005) ..................15

*Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th 359 ..................11, 12

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ..................4

*Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) ..................8

*Kennedy v. Applause, Inc.* 90 F.3d 1477, 1481, (9th Cir. 1996) ..................16

*King v. AC & R Advertising*, 65 F.3d 764, 767 (9th Cir. 1995) ..................13

*King v. United Parcel Service, Inc.* (2007) 152 Cal. App. 4th 426 ..................11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Lowell v. IBM*, 955 F. Supp. 300, 305 n.3 (1997) ...............................................13

*Ohton v. Board of Trustees of California State University*, 148 Cal. App. 4th 749, 769 (2007)..........................................................................................................8

*Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995)..................9

*Olson v. Rembrandt Printing Co.*, 375 F. Supp. 413, 417 (D. Mo. 1974) ......................17

*Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002)............................................................................................................3

*Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Circ. 2006) .................16

*Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) ............................9

*Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992) .............................8, 10

*Shaw v. City of Sacramento*, 250 F.3d 1289, 1293 (9th Cir. 2001) ..........................5

*Skrbina v. Fleming Cos.*, 45 Cal. App. 4th 1353, 1366-67 (1996) ...........................5

*Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002). ..............................5

*Soules v. Cadam, Inc.*, 2 Cal. App. 4th 390, 399-401 (1991) .........................13, 14

*Starzynski v. Capital Public Radio*, 88 Cal. App. 4th 33, 41 (2001) .......................14

*Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ..............4, 10

*Turner v. Anheuser-Busch*, 7 Cal. 4th 1238, 1246, 1251 (1994) ...........................13

*United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 836 (1983) ...............19

*West v. Atkins*, 487 U.S. 42, 48 (1988) ..............................................18

*Williams v. City of Belvedere*, 72 Cal. App. 4th 84, 92-93 (1999).............................8

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ..............................................18

## STATUTES

2 Cal.Code Regs. § 7287.6(b)........................................................15

42 U.S.C. § 12112(a)...............................................................16

42 U.S.C. § 1981..............................................................16, 17

42 U.S.C. § 1983...................................................................18

42 U.S.C. § 1986...................................................................19

42 U.S.C. § 2000e-5(e)(1) .......................................................9, 10

42 U.S.C. §§ 12117(a), 2000e-5(e)(1.).................................................9

42 U.S.C. § 12112 ..................................................................1

Cal. Civ. Code § 1643...............................................................5

Cal. Civ. Code § 3541...............................................................5

Cal. Civil Code § 1541..............................................................5

Cal. Gov. Code § 12940(a).........................................................11

Cal. Gov. Code §§ 12960, 12965(b).................................................7, 8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

(NO. C08 01272 PVT )                              iv.

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

Cal. Labor Code § 2922..................................................................................................14

42 U.S.C. § 1981..........................................................................................................1

42 U.S.C. § 1983, § 1985, and  § 1986......................................................................1

Fed. R. Civ. Proc. Rule 56(c) .....................................................................................4

Government Code section 12940(j)(1) ......................................................................16

Rule 56. Fed. R. Civ. Proc. Rule 12(d).......................................................................4

42 U.S.C. §§ 1985, 1986 ...........................................................................................20

## OTHER AUTHORITIES

16 *Chin, et. al., California Practice Guide: Employment Litigation*, §16:47 (TRG 2007)..........................................................................................................................9

9 *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, §9:187 (TRG 2007) .......................................................................................4, 20

9 *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, §9:188 (TRG 2007) .........................................................................................14

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408 998 4150

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF JAMES ALAN BUSH, IN PRO PER:**

PLEASE TAKE NOTICE that on May 27, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the District Court of the Northern District of California, located at 280 South First Street, San Jose, CA 95113, before The Honorable Patricia V. Trumbull, Defendants Cloudmark, Inc., Kim Moss, Jamie de Guerre, and Mike Smith ("Defendants"), will move for the dismissal of the above-entitled action pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), or in the alternative, for an order for summary judgment pursuant to Federal Rules of Civil Procedure, Rules 12(d) and 56, as to each claim pleaded in Plaintiff James Alan Bush's first, second, third and fourth causes of action, all based on the alleged violations of the California Fair Employment and Housing Act ("FEHA"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 ("ADA"); the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Civil Rights Act of 1871, 42 U.S.C. § 1983, § 1985, and § 1986.

Defendants will move for a dismissal of Plaintiff's action pursuant to Rules 12(b)(1) and 12(b)(6) on the grounds that (1) Plaintiff is contractually barred from litigating any claims against Defendants with respect to his employment at Cloudmark, Inc.; (2) the statute of limitations with respect to Plaintiff's FEHA and ADA-based claims have expired; (3) Plaintiff has failed to exhaust his administrative remedies with respect to his FEHA and ADA-based claims and is now time-barred from doing so; and (4) Plaintiff has failed to state any claim upon which relief may be granted.

In the alternative, Defendants will move for a summary judgment of each cause of action asserted in Plaintiff's complaint pursuant to Rules 12(d) and 56, on the ground that there is no genuine issue of material fact and that Defendants are entitled to judgment in their favor as a matter of law, because: (1) Plaintiff is contractually barred from litigating any claims against Defendants with respect to his employment at Cloudmark, Inc.; (2) the statute of limitations with respect to Plaintiff's FEHA and ADA-based claims have expired; and (3) Plaintiff has failed to exhaust his administrative remedies with respect to his FEHA and ADA-based claims and is now time-barred from doing so.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. C08 01272 PVT )                    1.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1    This Motion is based on this Notice, the Memorandum of Points and Authorities set

2    forth below, the Declaration of Kimberly Moss, the Request for Judicial Notice, any oral argument

3    that may be heard, and all pleadings and papers on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

6    Although less than clear, Plaintiff's complaint appears to be rooted in his contentions

7    that Defendants discriminated against and harassed him, based on his medical status and sexual

8    orientation, as a consequence of which he was constructively discharged from his employment.

9    Plaintiff also alleges that Defendants conspired, and negligently failed to prevent a conspiracy, to

10    deprive him of his civil rights. Plaintiff's claims suffer from several fatal flaws.

11    To begin with, Plaintiff's claims are time-barred. Plaintiff left employment with

12    Defendants nearly three years ago in March 2005. The statute of limitations for harassment and

13    discrimination, however, is one year. Thus, his claims expired in 2006. Plaintiff has also failed to

14    exhaust his administrative remedies with respect to the statutory claims, and the time has long since

15    run on his ability to do so. Exhaustion is, of course, a jurisdictional prerequisite for bringing such

16    claims. A review of the complaint also reveals that Plaintiff has failed to plead even the most basic

17    facts sufficient to establish any claim at all. While the complaint references certain statutes and

18    regulations (and quotes them at length), it utterly fails to plead any facts from which the Court or

19    Defendants can determine the exact nature of the harm alleged to have befallen him. Finally, all of

20    Plaintiff's claims ultimately fail for the separate, and independent reason that Plaintiff *executed a*

21    *Severance Agreement and General Release*, releasing Defendants from any and all of the liability

22    sought herein. Thus, whether the Court considers the General Release in the context of Defendants'

23    Request for Judicial Notice under Rule 12(b), or considers it instead under Rules 12(d) and 56, the

24    release agreement bars all claims asserted (or which might be asserted) against Defendants.

25    In light of the foregoing, Defendants respectfully request that this Court dismiss

26    Plaintiff's action in its entirety pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and

27    12(b)(6). Alternatively, Defendants request that this Court grant them summary judgment pursuant

28    to Rules 12(d) and 56.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(NO. C08 01272 PVT )                    2.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

## II.    STATEMENT OF THE RELEVANT FACTS

Defendant Cloudmark, Inc. is a Delaware corporation duly authorized to conduct business in the State of California. (Judicial Notice, ¶¶ 1, 2.) Cloudmark is a private company and is not affiliated to any degree with local, state or federal governmental entities. (See *Ibid.*) Cloudmark provides comprehensive messaging security solutions that enable service providers to prevent messaging abuse from impacting their infrastructure, operations and subscribers.[1]

Plaintiff is a Caucasian male who worked as a Technical Writer for Cloudmark. (Judicial Notice, ¶¶ 3, 4.) On March 15, 2005, Plaintiff resigned from his employment at Cloudmark. (Judicial Notice, ¶ 4; Complaint, 10:10.) In conjunction with his resignation, Plaintiff entered into a Severance Agreement that included a release of all claims provision with respect to his employment at Cloudmark. (Judicial Notice, ¶ 4.)

Approximately *three years later*, on **March 4, 2008**, Plaintiff filed the pending civil complaint against Defendants in which he alleges, among other things, that he was discriminated against, harassed, and constructively discharged, based on his status as a clinically depressed homosexual who is infected with the Acquired Immune Deficiency Syndrome. ("AIDS.") Significantly, Defendant's complaint does not allege that prior to the filing of his pleading, he complied with the provisions of FEHA or the ADA by timely filing administrative complaints regarding Defendants' alleged unlawful acts. (Complaint, *passim*).

## III.    LEGAL ARGUMENT

### A.    Relevant Legal Standard

Defendants bring this Motion pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.[2] A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in a civil complaint and authorizes the court to dismiss an action on the basis of a dispositive issue of law. See *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

In entertaining a Rule 12(b)(6) motion, a court must determine whether the facts alleged by the plaintiff, if assumed to be true, would entitle that plaintiff to a legal remedy.

---

[1] See http://www.cloudmark.com/serviceproviders/company/.
[2] Unless otherwise stated, all cited rules refer to the Federal Rules of Civil Procedure.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

(NO. C08 01272 PVT )                      3.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1    Dismissal of an action under Rule 12(b)(6) is proper "where there is either a 'lack of a cognizable

2    legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" 9

3    *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, § 9:187 (TRG

4    2007.)   In ruling on such motion, a court is required to accept the plaintiff's allegations as true and

5    determine whether the plaintiff's contentions, if proven, "*establish a valid claim for relief.*" *Id.* at

6    9:188. (Emphasis in the original.) A claim is defined as "a set of facts which, if established, *entitle*

7    *the pleader to relief.*" *Id.* at § 9.188.1, citing *Bell Atlantic Corp. v. Twombly* 127 S. Ct. 1955, 1965

8    (2007) [Emphasis in the original].

9            A Rule 12(b)(6) motion to dismiss is appropriate where the plaintiff has stated a claim

10   that omits one or more key elements of a cause of action. 9 *Schwarzer, et. al., California Practice*

11   *Guide, supra,* § 9:179. ["A motion to dismiss is often very effective where plaintiff has stated the

12   claim in vague, conclusory terms without setting forth one or more key elements."] Such motion is

13   also proper where the plaintiff's action is time-barred. See *Jablon v. Dean Witter & Co.*, 614 F.2d

14   677, 682 (9th Cir. 1980.) In this regard, where the running of the statute cannot be determined on

15   the face of the plaintiff's complaint, the moving defendant may join a Rule 12(b) motion with a

16   motion for summary judgment. Fed. R. Civ. Proc. Rules 12(d), 56. See *Supermail Cargo, Inc. v.*

17   *United States*, 68 F.3d 1204, 1206 (9th Cir. 1995.)   However, ***where a matter that is properly***

18   ***subject to judicial notice is considered in deciding a Rule 12(b) motion, that motion is not***

19   ***converted to a summary judgment motion***. 9 Schwarzer, et. al., *California Practice Guide: Federal*

20   *Civil Procedure Before Trial*, § 9:212.15. Under Rule 56, a party is entitled to summary judgment if

21   there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as

22   a matter of law." Fed. R. Civ. Proc. Rule 56(c).

23   **B.    Defendants' Motion For Dismissal Under Rules 12(b)(1) And 12(b)(6) With**
     **Respect To The Claims Asserted In Plaintiff's First, Second, Third, and Fourth**
24   **Causes Of Action Must Be Granted, Since Plaintiff Is Contractually Barred**
     **From Asserting Any Claim Against Defendants With Respect To His**
25   **Employment At Cloudmark**

26           Defendants' Rule 12(b) motion for dismissal must be granted as to each and every

27   claim asserted by Plaintiff.   This is so, because at the time Plaintiff ceased his professional

28   relationship with Defendant Cloudmark, he executed a severance agreement that contains an

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(NO. C08 01272 PVT )                          4.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1  enforceable release of claims provision, including a waiver of all claims under Civil Code section

2  1542. (Judicial Notice, ¶ 4).

3        In general, a written release extinguishes the obligations covered by its terms, and

4  extrinsic evidence is not admissible to modify the terms of an unambiguous release. Cal. Civ. Code

5  § 1541. ["An obligation is extinguished by a release therefrom given to the debtor by the creditor,

6  upon a new consideration, or in writing, with or without new consideration"]; *Skrbina v. Fleming*

7  *Cos.*, 45 Cal. App. 4th 1353, 1366-67 (1996.) See, *Shaw v. City of Sacramento,* 250 F.3d 1289,

8  1293 (9th Cir. 2001.) ["Under California law, the language of a written contract governs its

9  interpretation so long at it is clear and explicit".] See Cal. Civ. Code § 1643. [A contract must

10  receive such a interpretation [sic] as will make it lawful, operative, definite, reasonable, and capable

11  of being carried into effect, if it can be done without violating the intention of the parties."]; Cal.

12  Civ. Code § 3541. ["An interpretation which gives effect is preferred to one which makes void"].

13        If a party has the capacity of reading and understanding the terms of a release, absent

14  fraud and imposition, that party is ***estopped*** from claiming that he did not intend to sign the release

15  or that the terms are contrary to his understanding. *Skrbina, supra,* 45 Cal. App. 4th at 1367.

16  Furthermore, when an employee accepts a severance payment and in exchange knowingly and

17  voluntarily signs a release of claims agreement with respect to his or her accrued claims, including

18  claims based on harassment and discrimination, and thereafter files a lawsuit against his or her

19  employer on the basis of the released claims, the employee's lawsuit is subject to dismissal. See *id.*

20  at 1366-67.[3]

21        In this case, on March 15, 2005, Plaintiff signed a document entitled Severance

22  Agreement And General Release Of All Claims. (Judicial Notice, ¶ 4.) That Agreement sets forth

23  as follows in pertinent part:

24        2.    For and in consideration of the commitments and promises
25        made herein, Employee does hereby completely release and forever
         discharge the Company, its related entities, officers, directors, agents,
26        employees, attorneys, successors and assigns from all claims, rights,

[3] Once an employer proves that an employee executed a release that covers the employee's claims, received sufficient
27  consideration, and thereafter breached the release, the burden of establishing that the release was not executed
"knowingly and voluntarily" due to fraud, duress, or any other defense, is exclusively on the employee. *Smith v.*
28  *Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(NO. C08 01272 PVT )              5.

demands, actions, obligations, liabilities, and causes of action of any and every kind, nature and character whatsoever, known and unknown, whether based on a tort including but not limited to negligence or intentional tort, contract (implied, oral or written), statute, including but not limited any [sic] claim(s) arising under Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Americans With Disabilities Act, the Civil Rights Act of 1866, the Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, the California Fair Employment and Housing Act, the California Family Rights Act, the California Labor Code or any other federal, state or local law or regulation which Employee may now have, has ever had, or may in the future have, arising from or in any way connected with Employee's employment by the Company, including but not limited to, Employees termination [sic] of employment.

* * * * *

4.    Employee hereby agrees and promises that Employee will not file, at any time subsequent to the execution of this Severance Agreement and General Release of All Claims, in any state or federal court or before any state or federal administrative agency any claim or action, which Employee may now have, has ever had, or may in the future have, with respect to any matter pertaining to or arising from Employee's employment or termination of employment with the Company. In addition, Employee waives any and all rights or benefits which Employee may have under the terms of section 1542 of the California Civil Code, which is set forth as follows:

> Section 1542: A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected Employee's settlement with the debtor.

5.    It is understood and agreed that this is a full and final release covering all unknown and unanticipated injuries, debts, claims, or damages to Employee which may have arisen, or may arise, in connection with Employee's employment with the Company, as well as those injuries, debts, or damages now known or disclosed which may have arisen, or may arise, in connection with Employee's employment with the Company, as well as those injuries, debts, claims, or damages now known or disclosed which may have arisen, or may arise, from said employment or termination of employment, as described above.

As a Technical Writer, Plaintiff had sufficient capacity to understand the terms of the Severance Agreement he signed. In exchange for entering into the Severance Agreement, Plaintiff obtained a severance payment in the lump sum of $6,167.00 (See Judicial Notice, ¶ 4.) As such, as a matter of law, Plaintiff is barred from bringing this action against Defendants. Therefore, this

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C08 01272 PVT )                 6.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1    Court should grant Defendants' Rule 12(b) motion with respect to each and every claim asserted or

2    potentially asserted in Plaintiff's complaint.

3    **C.    Alternatively, Plaintiff's First Cause of Action For Violations Of FEHA And The**
     **ADA Must Be Dismissed With Prejudice, Because They Are Time-Barred, And**
4    **Because Plaintiff Failed To Exhaust His Administrative Remedies.**

5         Because Plaintiff failed to file administrative complaints with the appropriate

6    governmental agencies concerning his FEHA and ADA-based claims, those claims are barred by the

7    applicable statute of limitations, as well as by Plaintiff's conspicuous failure to exhaust his

8    administrative remedies by filing administrative complaints.  Since Plaintiff is now time-barred from

9    taking any corrective action in these regards, pursuant to Rules 12(b)(1) and 12(b)(6), this Court

10   must dismiss, with prejudice, the claims in Plaintiff's first cause of action for violations of FEHA

11   and the ADA.

12        **1.    Plaintiff's Claims Under FEHA Are Time-Barred By The Applicable**
              **Statute Of Limitations and Are Subject To Dismissal.**
13

14        Plaintiff's claims of harassment, discrimination, and/or constructive discharge under

15   FEHA, as set forth in his first cause of action, are time-barred by the statute of limitations, because

16   on or prior to March 15, 2006, Plaintiff was required but failed to timely file an administrative

17   complaint with the DFEH regarding his grievances.  See Cal. Gov. Code § 12960(d).

18        To plead a FEHA claim, an employee, generally within one year of the employer's

19   alleged wrongful conduct, is required to file an administrative complaint with the DFEH and obtain a

20   Notice of Right to File a Civil Action ("Notice of Right-To-Sue") or otherwise become eligible to

21   file a civil complaint.  Cal. Gov. Code §§ 12960(d), 12965(b).  *Balloon v. Superior Court*, 39 Cal.

22   App. 4th 1116, 1120 (1995.) ["The timely filing of an administrative complaint, and exhaustion of

23   that remedy, is a prerequisite to maintenance of a civil action for damages under the FEHA."]  Once

24   the DFEH issues a Notice of Right-To-Sue to a plaintiff, that plaintiff has one year from the date of

25   the DFEH's Notice to file a civil complaint based on his or her FEHA claims.  Cal. Gov. Code §

26   12965(b).[4]

27   ─────────────────────────────

28   [4] In rare circumstances not present herein, the statute of limitations is subject to equitable tolling.  However, where, as
     here, a plaintiff's failure to timely prosecute his or her case is a result of his or her lack of due diligence, the statute of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408 998 4150

(NO. C08 01272 PVT )                    7.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

In this case, Defendants' alleged wrongful conduct took place on or before March 15, 2005. (See Judicial Notice, ¶ 4; Complaint, 10:10.) As such, he had until March 15, 2006 to file an administrative complaint with the DFEH. He failed to do so. (See Complaint, *passim*.) Therefore, Plaintiff's FEHA claims are time-barred and subject to dismissal pursuant to Rule 12(b)(6).

**2.    Plaintiff's FEHA Claims Must Be Dismissed, Since He Failed To Exhaust His Administrative Remedies And Is Now Time-Barred From Doing So.**

Plaintiff's FEHA claims must be dismissed, since he failed to exhaust his administrative remedies under FEHA and is now time-barred from rectifying this jurisdictional defect.

As indicated in section III(C)(1) of this brief, prior to filing a civil complaint, a plaintiff is required to exhaust his or her administrative remedies by filing a complaint with the DFEH, generally within one year of the defendant's allegedly wrongful conduct. Cal. Gov. Code §§ 12960, 12965(b.) In this case, Plaintiff ***utterly failed*** to file an administrative complaint ***at anytime*** prior to filing his civil complaint. (See Complaint, *Passim*.)

Under FEHA, the filing of an administrative complaint is a "jurisdictional prerequisite to resort to the court." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000.) See, also, *Campbell v. Regents of Univ. of Calif.*, 35 Cal. 4th 311, 321 (2005.) Accord, *Ohton v. Board of Trustees of California State University*, 148 Cal. App. 4th 749, 769 (2007.) As the California Supreme Court explained over sixty years ago in *Albelleria v. District Court of Appeal*, 17 Cal. 2d 280, 293 (1941):

> The rule . . . [requiring exhaustion of administrative remedies] is settled with scarcely any conflict. It is not a matter of judicial discretion, but is a fundamental rule of procedure laid down by courts of last resort, followed under the doctrine of *stare decisis*, and binding upon all courts . . . . Bearing in mind the analysis of jurisdiction which has heretofore been made, and examining the authorities dealing with the rule, we are necessarily led to the conclusion that exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts.

The time limit for filing an administrative complaint is strictly construed and not subject to equitable tolling. *Williams v. City of Belvedere*, 72 Cal. App. 4th 84, 92-93 (1999.) A

limitations is not equitably tolled. See *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992).

(NO. C08 01272 PVT )                                    8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

1  plaintiff's failure to file an administrative complaint with the DFEH prior to filing a civil complaint

2  is a valid ground for the dismissal of a civil complaint based on violations of FEHA. *Okoli v.*

3  *Lockheed Technical Operations Co.,* 36 Cal. App. 4th 1607, 1613 (1995).

4        As the record establishes, in this case, Plaintiff ceased his professional relationship

5  with Defendants on March 15, 2005. (Judicial Notice, ¶ 4.) Approximately *three years* later, on

6  March 4, 2008, Plaintiff filed the instant civil complaint. Pursuant to Government Code sections

7  12960 and 12965(b), Plaintiff was required but failed to exhaust his administrative remedies by

8  filing an administrative complaint on or before March 15, 2006. (See Complaint, *passim*; Judicial

9  Notice, ¶ 4.) In light of the fact that pursuant to Government Code sections 12960(d), 12965(b)

10  Plaintiff cannot rectify this fatal flaw, Plaintiff's FEHA-based claims in his complaint, to wit, his

11  claim of constructive discharge based on his alleged discrimination and/or harassment, must be

12  dismissed with prejudice. In the alternative, summary judgment on these claims is appropriate.

      **3.**    **Plaintiff's Claims Under The ADA Are Time-Barred By The Applicable Statute Of Limitations and Are Subject To Dismissal.**

13

14

15        Plaintiff's claim of constructive discharge based on his alleged discrimination also

16  appears to rely on the ADA. However, as with his FEHA claims, Plaintiff is barred by the

applicable statute of limitations to assert his ADA claims against Defendants.

17

18        The ADA expressly incorporates the procedural requirements of Title VII of the

19  Civil Rights Act of 1964. Thus, prior to filing a civil complaint, where, as here, an aggrieved party

20  has not filed an administrative complaint with the DFEH, he or she must, within 180 days of the

employer's allegedly wrongful conduct, file a charge with the EEOC.[5] 42 U.S.C. §§ 12117(a),

21

22  2000e-5(e)(1.) See, also, 16 *Chin, et. al., California Practice Guide: Employment Litigation*, §16:47

(TRG 2007.) See, further, *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1176 (9th Cir. 2000).

23

24        In this case, Plaintiff resigned from his employment on March 15, 2005. (Judicial

25  Notice, ¶ 4.) Thus, he was required to file a charge with the EEOC within 180 days of that date. See

26  *Flaherty v. Metromail Corp.* 235 F.3d 133, 138 (2nd Cir. 2000.) See, also, *Scholar v. Pacific Bell,*

27      [5] If Plaintiff had initially filed an administrative complaint with the DFEH, which he has not, the 180 time-limit would

28  have extended to 300 days. See 42 U.S.C. § 2000e-5(e)(1); and Chin, et. al., *California Practice Guide: Employment Litigation,* §16:47 (TRG 2007).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(NO. C08 01272 PVT )        9.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1  963 F.2d 264, 268 (9th Cir. 1992), *cert. denied*, 506 U.S. 868 (1992.) [Holding that the plaintiff's

2  Title VII action was foreclosed because it was filed 3 days after the expiration of the statute of

3  limitations.] He failed to do so.  In fact, Plaintiff's complaint fails to plead *any facts* to indicate that

4  he filed his lawsuit within the statutory limitations period.  (See Complaint, *passim*.)  As such, his

5  ADA-based claims are time-barred as a matter of law.

6          **4.      Plaintiff's ADA Claims Must Be Dismissed, Because He Failed To
                     Exhaust His Administrative Remedies And Is Now Time-Barred From
7                     Doing So.**

8          In order to establish a court's subject matter jurisdiction over an ADA claim, a

9  plaintiff must exhaust his or her administrative remedies prior to filing suit.  See *B.K.B. v. Maui*

10  *Police Dept.*, 276 F.3d 1091 (9th Cir. 2002), 1099.  ["In order to establish subject matter jurisdiction

11  over her Title VII claim, Plaintiff was required to exhaust her administrative remedies."]  See, also,

12  *Foreman v. General Motors Corp.*, 473 F. Supp. 166, 177 (D. Mich. 1979) [Absent the timely

13  exhaustion of administrative remedies, "the federal court has *no jurisdiction* over . . . (a) Title VII

14  complaint."] (Emphasis added.).  Accordingly, ADA actions cannot proceed in federal court absent a

15  plaintiff's filing of a charge of discrimination with the EEOC within 180 days of his or her

16  employer's alleged wrongful action (300 days in "deferral" states such as California where a plaintiff

17  initially files a claim with the DFEH.)  42 U.S.C. § 2000e-5(e)(1).

18          As indicated above, in this case Plaintiff did not, at anytime between his resignation

19  date of March 15, 2005 and the date he filed his civil complaint, exhaust his administrative remedies

20  by filing an administrative charge with the EEOC.  (See Complaint, *passim*.)  Therefore, this Court

21  must dismiss with prejudice, pursuant to Rules 12(b)(1) and 12(b)(6), Plaintiff's ADA-based claims

22  as set forth in his complaint.  In the alternative, summary judgment under Rule 56 is appropriate for

23  this claim.  See, *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

24      **D.     Alternatively, Plaintiff's Asserted Claims In His First Cause of Action For
                Violations Of FEHA And The ADA Must Be Dismissed With Prejudice, Because
25              Plaintiff Has Failed To Sufficiently Plead The Essential Elements Of His Claims**

26          Plaintiff's claims of discrimination and/or harassment, and constructive discharge as a

27  result thereof, are based on his allegations that Defendants discriminated and/or harassed Plaintiff

28  "on account of his medical condition . . . and, presumably, his sexual orientation, by fabricating an

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408.998.4150

(NO. C08 01272 PVT )                              10.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1   event by which the defendants could accuse the plaintiff of an act that violated company policy"

2   (Complaint, page 9, ¶ 3); and by "discussing his HIV status amongst themselves and other

3   employees." (*Id.* at ¶ 4.) For the reasons discussed below, Plaintiff's allegations are woefully

4   inadequate to establish a claim of discrimination, harassment, or constructive discharge under FEHA

5   or the ADA.

      **1.    Plaintiff Has Failed to Allege Facts Sufficient to Establish That He Was Discriminated Against Within The Meaning Of FEHA Or That His Working Conditions Were So Intolerable As To Justify His Resignation.**

8         In his complaint, Plaintiff appears to allege that Defendants discriminated against

9   him, based on his alleged disabilities and his sexual orientation, as a result of which he was forced to

10  quit his employment.

11        To sufficiently plead a *prima facie* case in unlawful discrimination, a plaintiff must

12  establish that he or she (1) was a member of a protected class; (2) was otherwise qualified to perform

13  his or her duties; (3) the employer subjected the plaintiff to an adverse employment action ***because***

14  ***of*** the plaintiff's protected status; and (4) some other circumstance suggesting the employer's

15  discriminatory motive. See *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864 (2007),

16  886; *King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426 (2007), 432; *Horsford v. Board of*

17  *Trustees of California State University*, 132 Cal. App. 4th 359, 373 (2005); *Guz v. Bechtel*, 24 Cal.

18  4th 317, 355 (2000); Cal. Gov. Code § 12940(a). Additionally, the complaint must set forth that the

19  plaintiff has exhausted the applicable administrative remedies. See *Chin, et. al., California Practice*

20  *Guide: Employment Litigation*, §§ 7:25, 7:1011.

21        To be actionable, an "adverse employment action" within the meaning of FEHA must

22  materially and detrimentally affect the terms, conditions, or privileges of employment, and result in

23  termination, loss of pay or benefits, diminished responsibilities, or similar material consequences.

24  See *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993.) [To maintain

25  discrimination claim, a plaintiff must show "materially adverse change" in terms and conditions of

26  employment, such as termination, loss of pay or benefits, diminished responsibilities, etc.] "'Minor

27  or relatively trivial adverse actions or conduct by employers or fellow employees that, from an

28  objective perspective, are reasonably likely to do ***no more than anger or upset an employee*** cannot

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408 998 4150

(NO. C08 01272 PVT )         11.

1  properly be viewed as materially affecting the terms, conditions, or privileges of employment and

2  are not actionable.'" *Horsford, supra*, 132 Cal. App. 4th at 373. (Emphasis added).

3         In the instant matter, Plaintiff has failed to plead sufficient factual information to

4  establish a claim of discrimination. Specifically, with respect to his disability discrimination claim,

5  Plaintiff has merely indicated that due to having contracted AIDS and/or being clinically depressed,

6  Defendants wrongfully accused him of having violated a company policy and discussed his HIV+

7  status among themselves and others. Plaintiff's allegations of sexual orientation discrimination are

8  even more specious, since they are wholly based on Plaintiff's *hunch,* rather than on Defendants'

9  conduct. (Complaint, page 9, ¶ 3 ["Defendant[s] . . . engaged in the following actions with the intent

10  of harassing Plaintiff on account of his medical condition . . . *and, presumably, his sexual*

11  *orientation* . . . ."(Emphasis added.)] There is absolutely no allegation that Defendants ostracized

12  Plaintiff or made any derogatory comments concerning his sexual orientation or HIV+ status.

13  (Complaint, *passim*.) See *Bartalini v. Blockbuster Entertainment, Inc.*, 81 Fair Empl. Prac. Cas.

14  (BNA) 792 (1999) [Court found that overt indicia of discriminatory animus was lacking where

15  employer did not make homophobic remarks or comments, did not overtly discuss, comment on, or

16  refer to the plaintiff's sexual orientation, and did not even hint to any person that the plaintiff was

17  terminated because he was gay].

18         Significantly, Plaintiff has failed to even allege any facts to show that he was

19  demoted, transferred, or terminated by Defendants because of his allegedly protected status as a

20  disabled or homosexual individual. (Complaint, *passim*.) Instead, Plaintiff has claimed that the

21  conditions in which he worked were so intolerable that he was essentially forced to quit; that is, he

22  was constructively terminated. (Complaint, page 10, ¶ 6.) In support of his claim that he was

23  forced to quit his job due to the allegedly intolerable working conditions, Plaintiff repeats that

24  Defendants *discussed* his HIV+ status amongst themselves and others, and wrongfully accused him

25  of an act that violated a company policy. (Complaint, page 9, ¶¶ 3, 4.) These contentions are

26  without merit, primarily for two reasons. Firstly, the law prohibits *discriminating* against an

27  employee because of that employee's protected status, *not* the mere *discussion* of an employee's

28  protected status. Secondly, as hereinafter explained, the fact that Plaintiff may have been

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C08 01272 PVT )                    12.

1  subjectively angered or hurt because Defendants allegedly accused him of having violated a

2  company policy is insufficient to justify his decision to quit and sue Defendants.

3          a.     **Plaintiff Cannot Establish A Constructive Discharge Claim**

4          To establish a constructive discharge claim, a plaintiff must prove that his employer

5  intentionally or knowingly permitted working conditions, *that viewed objectively*, "were *so*

6  *intolerable or aggravated* . . . that a reasonable employer would realize that a reasonable person in

7  the employee's position would be compelled to resign." *Garamendi v. Golden Eagle Ins. Co.*, 128

8  Cal. App. 4th 452, 472 (2005); *Turner v. Anheuser-Busch*, 7 Cal. 4th 1238, 1246, 1251 (1994.)  As

9  clarified by the California Supreme Court in *Turner*:

> 10  [A]n employee cannot simply 'quit and sue,' claiming he or she was
> constructively discharged. The conditions giving rise to the resignation
> 11  *must be sufficiently extraordinary and egregious* to overcome the
> normal motivation of a competent, diligent, and reasonable employee
> 12  to remain on the job to earn a livelihood and to serve his or her
> employer. *The proper focus is on whether the resignation was*
> 13  *coerced, not whether it was simply one rational option for the*
> *employee.*

15  *Turner, supra,* 7 Cal. 4th 1238, 1246 (Emphasis added).

16          In pleading a constructive discharge claim, a plaintiff's *subjective* reaction to his

17  working condition is irrelevant.  The pertinent issue is the working conditions *themselves*. *Gibson v.*

18  *Aro Corp.*, 32 Cal. App. 4th 1628, 1636-37 (1995.)  A plaintiff *"may not be unreasonably sensitive*

19  *to his working environment . . . . Every job has its frustrations, challenges, and disappointments."*

20  *Turner, supra,* 7 Cal. 4th at 1247.  (Emphasis added.)  A Plaintiff's *embarrassment* or *hurt feelings*

21  does not transform his resignation into a constructive discharge.  See *Gibson, supra,* 32 Cal. App.

22  4th at 1636.  See, also, *Fortner v. State of Kansas*, 934 F. Supp. 1252, 1267-68 (1996), *aff'd.*, 122

23  F.3d 40 (10th Cir. 1997.)  [Reprimands and strained relationship do not constitute adverse action];

24  *Soules v. Cadam, Inc.*, 2 Cal. App. 4th 390, 399-401 (1991), overruled on other grounds in *Turner,*

25  *supra,* 7 Cal. 4th at 1251. [As a matter of law, negative performance review, unfair criticism, and

26  demotion do not create intolerable working conditions]; *Lowell v. IBM*, 955 F. Supp. 300, 305 n.3

27  (1997.)  [Negative comments do not constitute adverse employment decision]; *King v. AC & R*

28  *Advertising*, 65 F.3d 764, 767 (9th Cir. 1995.)  [Demotion in job level, even when accompanied by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. C08 01272 PVT )          13.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1   reduction in pay, does not constitute constructive discharge].

2          In this case, Plaintiff has in essence pleaded that he was angered, frustrated, and hurt,

3   because Defendants discussed his HIV+ status among themselves and others and wrongfully accused

4   him of having violated a company policy, as a result of which he decided to quit and sue Defendants.

5   However, merely ***discussing*** an individual's disability is not unlawful.  Moreover, although Plaintiff

6   may have been accused of having violated a company policy, Plaintiff fails to show that Defendants'

7   accusation in this regard was ***because of*** his status as a homosexual contracted with AIDS.

8   (Complaint, *passim*.)  Moreover, Defendants' alleged accusation did not ***harm*** Plaintiff by resulting

9   in his being disciplined in any manner or suffering from ***any*** form of an adverse employment action.

10  In light of the fact that Plaintiff's decision to resign stemmed from his unreasonable sensitivity to his

11  working environment, he has failed to establish a valid claim for relief.  See *Gibson, supra,* 32 Cal.

12  App. 4th at 1636; and *Soules, supra,* 2 Cal. App. 4th at 399-401.  See, also, 9 *Schwarzer, et. al.,*

13  *California Practice Guide: Federal Civil Procedure Before Trial*, §9:188 (TRG 2007.)  As such,

14  Plaintiff's action must be dismissed with prejudice.  Alternatively, summary judgment against

15  Plaintiff should be granted.[6]

16          **2.    Plaintiff Cannot Establish A *Prima Facie* Claim In Hostile Environment**
               **Harassment Under FEHA.**

17          Plaintiff also appears to have pleaded a hostile environment harassment claim under

18  FEHA.  To prevail on such claim, Plaintiff must establish that:  (1) he belonged to a protected group;

19  (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his

20  disability or sexual orientation; and (4) the harassment complained of was sufficiently pervasive so

21  as to alter the conditions of employment and create an abusive working environment.  *Fisher v. San*

22  *Pedro Peninsula Hospital* 214 Cal.App.3d 590, 608 (1989); *Hope v. California Youth Authority,* 134

23

---

24  [6] Nor can Plaintiff plead a contractually-based cause of action in constructive discharge. This is so, because Plaintiff was
     an at-will employee. See. Cal. Labor Code § 2922. ["An employment, having no specified term, may be terminated at
25   the will of either party on notice to the other . . . ."] Plaintiff's complaint fails to plead any allegations in contradiction to
     his status as an at-will employee. (Complaint, *passim*. See, also, Judicial Notice, ¶ 4.) See Cal. Labor Code § 2922.
26   Claims of constructive discharge based on contract are inapplicable to at-will employees. *Starzynski v. Capital Public
     Radio,* 88 Cal. App. 4th 33, 41 (2001.) ["[A]n at-will employee has no contractual claim for wrongful discharge based
27   on constructive discharge on account of intolerable working conditions."] Even assuming otherwise, for the reasons
     discussed in sections III(B) and III(D)(1) of this brief, Plaintiff cannot establish a contractually-based constructive
28   discharge cause of action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

(NO. C08 01272 PVT )                           14.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

1    Cal.App.4th 577, 588 (2005).

2         The California Fair Employment and Housing Commission categorizes "harassment"

3    into four distinct groups, as follows: (1) *verbal harassment*, such as epithets, derogatory comments

4    or slurs; (2) *physical harassment*, such as touching, or assault and physical interference with

5    movement; (3) *visual harassment*, such as offensive posters, lewd gestures, or leering; and (4)

6    *sexual favors*, such as unwelcome sexual advances. 2 Cal.Code Regs. § 7287.6(b).

7         To prove that the alleged harassment is sufficiently severe and pervasive, a plaintiff

8    must establish that a reasonable person would consider the alleged harasser's conduct, based on the

9    totality of the circumstances, to be so severe and pervasive as to alter the terms and conditions of his

10   employment. *Harris v. Forklift Sys* ., 510 U.S. 17, 22-23 (1993); *Fuller v. City of Oakland* , 47 F.3d

11   1522, 1527 (9th Cir. 1995.)   Courts consider the frequency of the conduct, the severity of the

12   conduct, whether the conduct was physically threatening or humiliating or a mere offensive

13   utterance, and whether the conduct unreasonably interfered with an employee's work performance.

14   *Harris, supra*,  510 U.S. at 22-23.  California courts have uniformly applied the *Harris* standard

15   when evaluating harassment claims. See, e.g., *Beyda v. City of Los Angeles*, 65 Cal. App. 4th 511,

16   517 (1998.) [Workplace must be "permeated with discriminatory intimidation, ridicule and insult

17   that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create

18   an abusive working environment."]  See, also, *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.

19   App. 3d 590 (1989), 611-12.   ["Acts of harassment cannot be occasional, isolated, sporadic, or

20   trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or

21   generalized nature."].

22         Plaintiff's harassment claim in this case is unfounded, since as evident on the face of

23   his complaint, no harassment within the meaning of FEHA *even occurred*: there is a conspicuous

24   dearth of *any* verbal, physical, or visual harassment, and no offers of sexual favors were at anytime

25   claimed to have been advanced to Plaintiff.  (Complaint, *passim*.)  As such, as a matter of law,

26   Plaintiff was not harassed. See 2 Cal.Code Regs. § 7287.6(b.) In any event, as discussed in section

27   III (C)(1) of this brief, a reasonable person would not have considered it unlawfully harassing for

28   Defendants to discuss Plaintiff's HIV+ status among themselves or others, or to be issued

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

(NO. C08 01272 PVT )                         15.

1    Defendant's isolated and un-reprimanded accusation that Plaintiff had violated a company policy.

2    Nor can, in light of the foregoing authorities, Defendants' alleged conduct in these regards be

3    considered severe or pervasive by any stretch of the imagination. Plaintiff's claim of unlawful

4    harassment is unmeritorious.[7]

5            **3.      Plaintiff Has Failed to Allege Facts Sufficient to Establish that He Was
             Discriminated Against Within The Meaning Of The ADA Or That His**

6            **Working Conditions Were So Intolerable As To Justify His Resignation**

7            The ADA prohibits an employer from discriminating against an employee who is

8    suffering from a disability on the basis of the employee's disability, with respect to "job application

9    procedures, the hiring, advancement, or discharge of employees, employee compensation, job

10   training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

11           To establish a claim under section 12112, a plaintiff must prove that he or she: (1) has

12   a disability; (2) is a qualified individual capable of performing the essential functions of his or her

13   duties with or without reasonable accommodation; and (3) the employer unlawfully discriminated

14   against the plaintiff because of his or her disability. *Kennedy v. Applause, Inc.* 90 F.3d 1477, 1481,

15   (9th Cir. 1996).

16           For the reasons discussed in section III(D)(1) of this brief, Plaintiff has failed to

17   established the third element of his *prima facie* case under the ADA.[8]

18           **E.      Alternatively, Plaintiff's Claims Of Neglect To Prevent Conspiracy To Deprive
             Him Of Civil Rights Must Be Dismissed For Lack Of Standing**

19

20           The United States Court of Appeals for the Ninth Circuit has ruled that where a

21   complaint reveals on its face that the plaintiff lacks standing, dismissal under Rule 12(b)(6) is

22   proper. *Sacks v. Office of Foreign Assets Control,* 466 F.3d 764, 771 (9th Circ. 2006.) In this case,

23   Plaintiff's 42 U.S.C. section 1981 claims must be dismissed pursuant to Rule 12(b)(6) because

24   Plaintiff cannot establish that he is a member of a protected class within the meaning of 42 U.S.C.

25   _____

26   [7] A plaintiff is not required to establish a loss of tangible job benefits when pleading harassment under Government Code
     section 12940(j)(1.)  Regardless, in this case Plaintiff cannot establish that he was harassed, since as previously stated, as
     a matter of law, Defendants' actions did not constitute unlawful harassment.

27   [8] Additionally, as indicated in section III(C) of this brief, as an essential element of his *prima facie* case, in his complaint
     Plaintiff was required but failed to set forth that prior to filing suit he exhausted his administrative remedies with respect
28   to his FEHA and ADA-based claims. (See Complaint, *passim*).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. C08 01272 PVT )                              16.

1  section 1981.

2      42 U.S.C. section 1981 sets forth as follows in pertinent part:

3  All persons within the jurisdiction of the United States shall have the
    same right in every State and Territory to make and enforce contracts,

4  to sue, be parties, give evidence, and to the full and equal benefit of all
    laws and proceedings for the security of persons and property as is

5  enjoyed by *white citizens*, and shall be subject to like punishment,
    pains, penalties, taxes, licenses, and exactions of every kind, and to no

6  other.

7  42 U.S.C.§ 1981. (Emphasis added).

8      As apparent on the face of 42 U.S.C. section 1981, the purpose of this section is to

9  prohibit racial discrimination and is "intended to uproot the institution of slavery and to eradicate its

10  badges and incidents." *Dawson v. Pastrick*, 441 F. Supp. 133, 141 (1977) [Citations omitted].

11      In this case, Plaintiff is ***Caucasian***. (Judicial Notice, ¶ 3.)  Viewed in the light most

12  favorable to him, Plaintiff's complaint alleges that he was harassed and/or discriminated against

13  based on his sexual orientation and his disabilities of having AIDS and being clinically depressed.

14  ***There is no indication whatsoever*** that Plaintiff was discriminated against based on his ***race***.

15      It is well established, that claims rooted in sexual orientation or claims of

16  discrimination other than those based on race are not cognizable under 42 U.S.C. section 1981.

17  *Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999) ["Because . . . (42 U.S.C.S. 1981),

18  on its face, is limited to issues of racial discrimination in the making and enforcing of contracts,

19  courts have concluded that sex-based claims are not cognizable under 42 U.S.C. § 1981]; *Olson v.*

20  *Rembrandt Printing Co.*, 375 F. Supp. 413, 417 (D. Mo. 1974.) ["[T]he absence of an allegation of

21  racial discrimination such as in the instant case is ***fatal*** to a cause of action brought under 42 U.S.C.

22  § 1981 because the applicability of that section is ***clearly limited to racial discrimination***"]

23  (Emphasis added); and *Foreman v. General Motors Corp.*, 473 F. Supp. 166, 177 (D. Mich. 1979.)

24  [". . . (42 U.S.C.S. 1981) has been construed as proscribing racial discrimination and only racial

25  discrimination"].

26      In light of Plaintiff's lack of standing and the fact that Plaintiff is a Caucasian male,

27  and because he cannot rectify his standing defect by amending his pleading, Plaintiff's claims under

28  42 U.S.C. section 1981 must be dismissed with prejudice.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

(NO. C08 01272 PVT )                    17.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA

**F.    Alternatively, Plaintiff's Claims Under 42 U.S.C. Section 1983 Must Be Dismissed Because Defendants Are Private Parties And Not Affiliated To Any Governmental Entities**

Plaintiff appears to have also based his claims under 42 U.S.C. section 1983. (Complaint, 8:10-11.) That section provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

42 U.S.C. section 1983 was enacted "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights . . . ." *Wyatt v. Cole,* 504 U.S. 158, 161 (1992.)  Section 1983 does not create any substantive rights, but merely provides a remedy to those who have been deprived of rights secured by the Constitution or laws of the United States. *Foster v. Wyrick,* 823 F.2d 218, 221 (8th Cir. 1987).

To bring a claim under section 1983, Plaintiff must establish, among other things, that Defendants were acting "under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988.) This, Plaintiff cannot do, since Defendant Cloudmark is a private corporation and the other named Defendants are private individuals. (See Judicial Notice, ¶¶ 1, 2.) This fact is even acknowledged in Plaintiff's complaint. (Complaint, 7:13-13; 8:10-11.)[9]  See *Foreman v. General Motors Corp.,* 473 F. Supp. 166, 178 (D. Mich. 1979.)  ["How it is possible for private employers to act "'under color of law'" is a mystery to this Court."]  In light of this crucial evidence, Plaintiff's claims under 42 U.S.C. section 1983 must be dismissed with prejudice for failure to state a claim upon which relief may be granted.

---

[9] Plaintiff's complaint sets forth as follows in this regard: "Defendant, Cloudmark, is and was covered by FEHA as a private employer . . ."; "All other Defendants named herein are being sued . . . as private individuals".

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

1  **G.    Alternatively, Plaintiff's Second, Third, And Fourth Causes Of Action Based On The Alleged Violations Of 42 U.S.C. Sections 1985 And 1986 Must Be Dismissed Because Plaintiff Lacks Standing**

2

3        Plaintiff's remaining causes of action, allegedly "pleaded" under 42 U.S.C. sections

4  1985 and 1986, must be dismissed with prejudice for lack of standing. This is so, because Plaintiff is

5  Caucasian and not a member of a protected class under section 1985 and has only pleaded

6  harassment and/or discrimination based on sexual orientation and his disabilities as a result of having

7  contracted AIDS and being clinically depressed.

8        42 U.S.C. sections 1985(2) and (3) were passed by Congress shortly after the Civil

9  War, in order to combat the bias that existed against African Americans and their supporters. *United*

10 *Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 836 (1983.) Section 1985(2) prohibits

11 persons from obstructing justice by intimidating parties, witnesses or jurors; section 1985(3)

12 prohibits persons from depriving others of the equal protection or equal privileges and immunities

13 under the laws.[10]

14        42 U.S.C. section 1986 is entirely dependent upon section 1985 and is only at issue if

15 a cause of action under section 1985 is established. "If a claim cognizable under § 1985 is not stated

16 there is no recovery possible under § 1986." *Foreman v. General Motors Corp.,* 473 F. Supp. 166,

17 178 (D. Mich. 1979).

18        42 U.S.C. section 1985 prohibits race-based or other invidiously based discriminatory

19 animus. Neither sexual preference nor disability status is protected under that section. See *Gay*

20 *Veterans Asso. v. American Legion-New York County Organizations,* 621 F. Supp. 1510, 1515-16

21 (1985); *David v. Local 801, Danbury Fire Fighters Ass'n,* 899 F. Supp. 78, 80 (1995).

22  **1.    Plaintiff's Second, Third, And Fourth Causes Of Action Under 42 U.S.C. Sections 1985 And 1986 Must Be Dismissed With Prejudice Because Plaintiff Has Failed To Plead The Essential Elements Of His *Prima Facie* Case.**

23

24

25        Plaintiff's 42 U.S.C. sections 1985 and 1986 claims are also subject to dismissal

26 because, as conspicuously apparent on the face of his complaint, Plaintiff has failed to plead the

27

28 ───────────
[10] 42 U.S.C. section 1985(1) pertains to acts performed in connection with preventing an officer from carrying out his or her duties.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

1    essential elements of his claims and cannot rectify this flaw by way of an amendment, since he is not

2    a protected class member under section 1985. (See Judicial Notice, ¶ 3; Complaint, *passim*).

3    　　　　　Specifically, in support of his 42 U.S.C. sections 1985 and 1986 claims, Plaintiff

4    has only alleged the following: "(For Violations of Title 42 U.S.C. §§ 1985, 1986) [RESERVED".]

5    (Complaint, 11:11-13.) This allegation is clearly insufficient to establish a prima facie case under

6    either section 1985 or section 1986.

7    　　　　　To establish a cause of action under 42 U.S.C. 1985(3), ***in addition to a claim of***

8    ***class-based animus***, a plaintiff must allege: "(1) a conspiracy, (2) for the purpose of depriving

9    another of the 'equal protection of the laws, or of equal privileges and immunities under the laws;'

10    (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the

11    deprivation of a legal right." *Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004.) In this

12    case, as evident on the face of the complaint, Plaintiff has failed to plead the material elements

13    required to establish a section 1985 cause of action. As such, and in light of the fact that relief under

14    section 1986 is wholly dependent upon the validity of a section 1985 claim, Plaintiffs' second, third,

15    and fourth causes of action based on 42 U.S.C. sections 1985 and 1986 must be dismissed for his

16    failure to state a claim upon which relief may be granted. See 9 Schwarzer, et. al., *California*

17    *Practice Guide: Federal Civil Procedure Before Trial*, §9:179.

18    **IV.    CONCLUSION**

19    　　　　　In light of the foregoing, Defendants Cloudmark, Inc. Kim Moss, Jamie de Guerre,

20    and Mike Smith respectfully request that this Court dismiss with prejudice Plaintiff James Alan

21    Bush's civil action against Defendants. Alternatively, Defendants request that this Court enter a

22    summary judgment in their favor.

23    Dated: April 16, 2008

24

25    　　　　　　　　　　　　　　　　　DENNIS M. BROWN
　　　　　　　　　　　　　　　　　　MARYAM S. KARSON

26    　　　　　　　　　　　　　　　　　LITTLER MENDELSON
　　　　　　　　　　　　　　　　　　Attorneys for Defendants

27    　　　　　　　　　　　　　　　　　CLOUDMARK, INC.; KIM MOSS; JAMIE DE
　　　　　　　　　　　　　　　　　　GUERRE; AND MIKE SMITH

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

(NO. C08 01272 PVT )　　　　　　　　　　　　　20.

NOTICE OF MOTION AND MOTION TO DISMISS; MPA