DENNIS M. BROWN, Bar No. 126575
MARYAM S. KARSON, Bar No. 221184
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
Telephone:   408.998.4150

Attorneys for Defendants
CLOUDMARK, INC.; KIM MOSS; JAMIE DE GUERRE; AND MIKE SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDMARK, KIM MOSS, TOM DOE 1, MIKE SMITH, JAMIE DE GUERRE, AND DOES 2 TO 5, INCLUSIVE,<br><br>Defendants. | Case No.  C08 01272 PVT<br><br>**DEFENDANTS' REPLY BRIEF**<br><br>Date:       May 27, 2008<br>Time:      10:00 a.m.<br>Courtroom: 5<br><br>THE HONORABLE PATRICIA V. TRUMBULL, MAGISTRATE JUDGE |

I.   **INTRODUCTION**

On April 16, 2008, in response to Plaintiff James Alan Bush's complaint, Defendants Cloudmark, Inc., Kim Moss, Mike Smith, and Jamie De Guerre ("Defendants"), timely filed their pending motion to dismiss.

According to this Court's local rules, Plaintiff was required to file an opposition to Defendants' motion, or a statement of his non-opposition, at least 21 days prior to the scheduled hearing date, or by May 6, 2008.  Plaintiff failed to do so.  Additionally, pursuant to this Court's order of April 17, 2008, Plaintiff was required by May 2, 2008, to file a written consent or declination of consent to proceed before the Honorable Magistrate Judge Patricia V. Trumbull. Plaintiff has failed to file this document as well.

(NO. C08 01272 PVT )
FIRMWIDE:85166671.1 046676.1003

1.

DEFENDANTS' REPLY BRIEF

As hereinafter explained, Plaintiff's foregoing procedural failures serve as additional grounds upon which this Court may dismiss Plaintiff's action with prejudice.

## II. LEGAL ARGUMENT

### A. Plaintiff's Action Must Be Dismissed With Prejudice, Because He Has Failed To Oppose Any Of The Arguments Presented In Defendants' Pending Motion To Dismiss And Has Thereby Consented To The Dismissal Of His Action

All litigants, including those appearing in *pro se*, are bound by the applicable rules of procedure, including local rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). A *pro se* plaintiff's failure to abide by a procedural rule is a proper ground for the dismissal of his or her action. See *ibid*. (The defendant's motion to dismiss was properly granted where *pro se* plaintiff failed to oppose the defendant's motion as was required by the applicable local rules).

Courts must consider five factors in dismissing a plaintiff's action for his or her failure to adhere to a local rule. These factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, *supra*, 46 F.3d at 54.

Rule 1-4 of the Northern District of California Civil Local Rules ("Rule") provides that a party may be duly sanctioned for his or her failure to comply with "any duly promulgated local rule". Permissive sanctions for violating a local rule include dismissal of an action. See Rule 3-9(a).

Rule 7-3 requires that a party file either an opposition or a statement of non-opposition to a motion at least 21 days prior to the scheduled hearing date. Rule 7-3(a), (b).

In this case, to date Plaintiff has failed to file an opposition or statement of non-opposition in connection with Defendants' pending motion. As such, he is in violation of Rule 7-3. Therefore, Plaintiff's action should be dismissed with prejudice, since the five *Ghazali* factors courts must consider in entertaining the dismissal of an action based on such procedural violations weigh in favor of dismissal.

Specifically, in light of Plaintiff's manifested nonchalance in prosecuting his action - as evident by his patent disregard of court orders and procedural rules - dismissing Plaintiff's action will serve the public's interest in the expeditious resolution of litigation and assist the Court in

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

(NO. C08 01272 PVT )
FIRMWIDE:85166671.1 046676.1003

2.

**DEFENDANTS' REPLY BRIEF**

managing its docket by resolving civil disputes efficiently. Although public policy favors disposing of cases on their merits, as explained in detail in Defendants' moving paper, Plaintiff's complaint is devoid of an iota of merit. Furthermore, permitting the pending of this unmeritorious action has and will continue to prejudice Defendants by burdening them with unnecessary expenditures and wasting their resources. Nor does it appear practical under the circumstances for this Court to apply less drastic sanctions, primarily for two reasons. First, the possibility of issuing monetary sanctions has been eliminated, since Plaintiff has filed an application to proceed in *forma pauperis*. He will therefore have no funds to comply with monetary sanctions.

Second, Plaintiff has already violated this Court's order of April 17, 2008 by failing to file (by May 2, 2008) the requisite written consent or declination of consent to proceed before a United States Magistrate Judge. Thus, it appears that orders issued by this Court do not leave the necessary impression on Plaintiff. As such, issuing further orders sanctioning Plaintiff other than by way of dismissal will only serve to blemish the integrity of this Court, since there is no indication that Plaintiff is inclined to abide by any court order.

Based on the foregoing, this Court should dismiss Plaintiff's action for his failure to comply with Rule 7-3.

**B. Alternatively, This Court Should Dismiss Plaintiff's Action With Prejudice, Due To His Failure To Comply With The Orders Of The Honorable Patricia V. Trumbull**

Section "C" of the Honorable Magistrate Judge Patricia V. Trumbull's Standing Order For Civil Practice ("Standing Order") states in part as follows: "Within five (5) court days after any party files a dispositive motion, if written consents to Magistrate Judge jurisdiction have not yet been filed by all parties, all parties who have not yet filed such a consent must notify the court whether they consent to the jurisdiction of the Magistrate Judge." See Standing Order, Rev. 1/5/06.[1] Furthermore, as stated above, on April 17, 2008, this Court issued an order directing Plaintiff to either file a written consent or declination of consent to proceed before a United States Magistrate Judge. Plaintiff has blatantly failed to comply with either order. As such, this Court

---

[1] The violation of any provision of the Standing Order "may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions." See Standing Order, Rev. 1/5/06.

(NO. C08 01272 PVT)   3.
FIRMWIDE:85166671.1 046676.1003

**DEFENDANTS' REPLY BRIEF**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

should dismiss Plaintiff's action pursuant to its authority to do so under Rules 1-4 and 3-9(a).

## III. CONCLUSION

For the reasons stated in the moving papers and in light of the foregoing facts, Defendants Cloudmark, Inc., Kim Moss, Jamie de Guerre, and Mike Smith respectfully request that this Court dismiss, with prejudice, Plaintiff James Alan Bush's civil action against Defendants.

Dated: May 9, 2008

_____
DENNIS M. BROWN
MARYAM S. KARSON
LITTLER MENDELSON
Attorneys for Defendants
CLOUDMARK, INC.; KIM MOSS; JAMIE DE GUERRE; AND MIKE SMITH

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. C08 01272 PVT )
FIRMWIDE:85166671.1 046676.1003

4.

**DEFENDANTS' REPLY BRIEF**